IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,850-01






EX PARTE DENNIS WAYNE ARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. W01-43277-N(A)

IN THE 195TH DISTRICT COURT OF DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault, and punishment was assessed at sixty years'
confinement. Applicant's conviction was affirmed on appeal. Ard v. State No. 05-02-01915-CR (Tex. App. --Dallas, delivered August 16, 2004, pet. ref'd).

 Applicant contends that he received ineffective assistance of trial counsel. 
Specifically, Applicant complains that trial counsel failed to prepare expert testimony
concerning memory implantation; failed to challenge the competency of the complainant as
a witness based on memory implantation; failed to object to the outcry testimony; failed to
lodge proper objections against inadmissible hearsay evidence; failed to explain the comment
"watch your back" during guilt-innocence; failed to object to the prosecutor's allegations of
homosexual conduct; and failed to object to a hearsay statement introduced by the
prosecutor's questioning during the punishment phase.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order and
affidavits from trial counsel, or it may order a hearing. In the appropriate case the trial court
may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel rendered ineffective assistance of counsel in that he failed to
prepare expert testimony concerning memory implantation; failed to challenge the
competency of the complainant as a witness based on memory implantation; failed to object
to the outcry testimony; failed to lodge proper objections against inadmissible hearsay
evidence; failed to explain the comment "watch your back" during guilt-innocence; failed
to object to the prosecutor's allegations of homosexual conduct; and failed to object to a
hearsay statement introduced by the prosecutor's questioning during the punishment phase. 
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits or the transcription of the court reporter's
notes from any hearing, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.